504 A.2d 930

**COMMONWEALTH of Pennsylvania**

**v.**

**Richard WHITE, a/k/a Richard Mangham, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 23, 1985.

Filed Jan. 31, 1986.

458

Paulette J. Balogh, Assistant District Attorney, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before WICKERSHAM, WIEAND and BECK, JJ.

BECK, Judge:

On appeal appellant raises a single challenge: whether the trial court erred by refusing to instruct the jury that a mandatory sentence (under 42 Pa.C.S.A. § 9712(a)) would be imposed upon appellant if he was found guilty.

The jury found appellant guilty and the court imposed the mandatory sentence. The appellant's attorney had requested that the jury be informed that guilt carried with it the mandatory sentence. The trial court refused to so inform the jury.

We find that the trial court was correct. The function of the jury is to determine guilt or innocence. According to

the Pennsylvania Supreme Court "the jury has nothing to do with the punishment of an offense, ... [i]n all other instances, punishment is a matter solely for the court and not for the jury to know or consider during its deliberations." *Commonwealth v. Lucier*, 424 Pa. 47, 49, 225 A.2d 890, 891 (1967). *See also Commonwealth v. Waters*, 334 Pa.Super. 513, 522, 483 A.2d 855, 860 (1984); *Commonwealth v. Dombrauskas*, 274 Pa.Super. 452, 457, 418 A.2d 493, 496 (1980).

 Visible possession of a firearm is not an element of a crime punishable under § 9712. *Commonwealth v. Wright*, 508 Pa. 25, 35, 494 A.2d 354, 359 (1985); *Commonwealth v. Norris*, 346 Pa.Super. 351, 355, 499 A.2d 644, 647 (1985). Defendants charged under § 9712, therefore, have no right to a trial by jury to determine the application of the act. *Commonwealth v. Anderson*, 345 Pa.Super. 407, 498 A.2d 887, 889 (1985); *Commonwealth v. Cofoni*, 349 Pa.Super. 407, 503 A.2d 431 (1986). Accordingly, the trial court in the case sub judice did not err in refusing the appellant's requested instruction.

Judgment of sentence affirmed.