608 A.2d 1090
**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**John Van Dyke ELLIS, III.**

Superior Court of Pennsylvania.

Argued April 23, 1992.

Filed June 2, 1992.

Stephen B. Harris, Asst. Dist. Atty., Warrington, for The Com., appellant.

John J. Kerrigan, Jr., Newtown, for appellee.

Before ROWLEY, President Judge, and MONTEMURO and POPOVICH, JJ.

MONTEMURO, Judge.

This is an appeal from an order suppressing the results of a blood test taken from appellee. The only issue on appeal is whether the trial court erred in concluding that the test results should have been suppressed. For the reasons set forth below, we reverse.

On November 11, 1990, at approximately 1:55 a.m., Officer Jones of the Lower Makefield Township Police Department arrived at the scene of a two car accident. Appellee was the driver of one of the cars involved in the accident. Officer Jones investigated the accident and determined that the driver of the other car was under the influence of alcohol. The officer, however, did not suspect that appellee was under the influence of alcohol. The two drivers were transported to the hospital for medical treatment.

At the hospital, Officer Jones requested that the other driver's blood be drawn and tested regarding alcohol content. Hospital personnel advised the officer that the blood was already tested and that the driver's blood alcohol content was in excess of .10. Without further inquiry from Officer Jones, the hospital personnel then advised the officer that appellee's blood had also been tested and that the results indicated that he had a blood alcohol content of .256. Pursuant to this information, charges of driving under the influence were filed against appellee, and a search warrant was issued for appellee's hospital records.

At the suppression hearing, it was stipulated that the officer did not have probable cause to believe that appellee was driving under the influence until she was informed of appellee's blood alcohol content by the hospital personnel.

It was also stipulated that the blood tests were taken as a result of routine hospital procedure and that they were not ordered by the officer or the police department. Additionally, the parties agreed that the results were volunteered by hospital personnel to the officer, and that the officer did not seek any information regarding the blood content of appellee.

A hearing was held, and on April 22, 1991, the trial court ordered that the blood test results should be suppressed because the Commonwealth did not have probable cause to conduct the search, and because the hospital was acting as an agent of the state when it conducted the blood test. On April 29, 1991, the Commonwealth filed an appeal with this court. Thereafter, the trial court filed an opinion in support of its order. In that opinion, the trial court stated that it believed that it erred in concluding that the evidence should be suppressed. It stated that no state action was involved in securing the blood sample and that therefore, the fourth amendment was not implicated.

The Fourth Amendment to the United States Constitution protects people from unreasonable searches and seizures. The administration of a blood test is a search within the meaning of the Fourth Amendment if it is performed by an agent of the government. *Commonwealth v. Hipp*, 380 Pa.Super. 345, 551 A.2d 1086 (1988). The fourth amendment "proscribes only governmental action; it is wholly inapplicable to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any governmental official." *Commonwealth v. Cieri*, 346 Pa.Super. 77, 499 A.2d 317, 321 (1985). To determine whether a search was private, it must be determined whether the individual who conducted the search must be regarded as an instrument or agent of the state. *Id.* This in turn is determined by looking at the purpose of the search, the party who initiated it, and whether the government acquiesced in it or ratified it. *Id.*

■ Here, the parties stipulated that the blood tests were taken at the hospital's own initiative. The police officer did not request that appellee's blood be drawn, nor did he seek any information regarding appellee's blood test. The hospital personnel volunteered the information without any prodding by the officer. Not until the officer was informed of appellee's high blood alcohol content, did he arrest appellee and subpoena the blood test results. This situation is different from the cases cited by appellee wherein the police requested that a blood test be taken or sought information regarding the test results. In those situations, we have held that state action was involved and that, therefore, before the police could order the search they needed to have probable cause to believe that the driver was operating an automobile while under the influence of alcohol. *See Commonwealth v. Cieri*, 346 Pa.Super. 77, 499 A.2d 317 (1985), *Commonwealth v. Hipp*, 380 Pa.Super. 345, 551 A.2d 1086 (1988), and *Commonwealth v. Danforth*, 395 Pa.Super. 1, 576 A.2d 1013 (1990). However, where, as here, the hospital personnel take the blood test for their own reasons and then freely volunteer the results to a police officer, the fourth amendment is not implicated because the necessary government action is missing. Thus, we find that appellant's constitutional rights were not violated, and therefore, hold that the blood test results need not be suppressed on these grounds.

■ Appellee also asserts that his statutory rights to privacy of medical information were violated and that, therefore, even if we were to find that his fourth amendment rights were not violated, we would have to affirm the suppression on the grounds that his statutory rights were violated by the hospital personnel. Appellee argues that when the hospital personnel volunteered the results of his blood test to the police, they violated the regulations of the Pennsylvania Department of Health concerning the confidentiality of medical records. Appellee bases this argument on two Department of Health regulations:

Records and reports of examinations of all specimens shall be confidential.

28 Pa.Code. § 5.53

All records shall be treated as confidential. Only authorized personnel shall have access to the records. The written authorization of the patient shall be presented and then maintained in the original record as authority for release of medical information outside the hospital.

28 Pa.Code § 115.27.

In *Commonwealth v. Hipp, supra,* we were confronted with a similar question similar to the one here. However, in that case, we determined that the police officer had probable cause to believe that the defendant was intoxicated, and that therefore under 75 Pa.C.S.A. § 1547 and 3755, the officer had the right to receive the blood test results.[1] In the instant case, however, § 1547 and 3755 are inapplicable because, as stated above, the officer did not have probable cause to believe that appellee was intoxicated. Therefore, hospital personnel were not required, nor permitted, to release the results of appellee's blood test. In so doing, the hospital violated the two regulations of the Department of Health that are set forth above. Thus, the issue for our consideration is whether suppression of evidence is an appropriate remedy where the violation of a Department of Health regulation is committed by a private individual employed by the hospital. We find that it is not.

Initially we note that the primary purpose of the exclusionary rule is to deter unlawful police conduct. *Commonwealth v. Mason,* 507 Pa. 396, 490 A.2d 421 (1985). Generally, "it is designed to prevent, not repair and is aimed at official misconduct." *Commonwealth v. Corley,* 507 Pa. 540, 491 A.2d 829 (1985). Our courts have consistently held

1. In *Hipp* we held that sections 1547 and 3755 of the Pennsylvania Motor Vehicle Code provide exceptions to the confidentiality requirements for medical records provided for in the Department of Health regulations. These exceptions, allowing for the disclosure of confidential medical records, however, are only applicable when police officers have probable cause to believe that the driver of an automobile involved in an accident was intoxicated.

that the rule should not be extended to serve as a remedy for wrongful private conduct. *Id. See also Commonwealth v. Mason, supra.* Here, as decided above, the hospital personnel's actions in volunteering appellee's blood results did not constitute state action. For whatever reason, whether it be because the nurse erroneously believed it her duty to inform the officer or simply because the nurse wrongfully chose to volunteer the information, appellee's rights were violated by a private individual. The police were not part of, nor responsible for, the violation of appellee's statutory right. Since the wrong was committed by a private individual, the policy behind the exclusionary rule does not require the suppression of the blood test in the instant case.

We also find it important to note that in Pennsylvania, the physician patient privilege does not apply in criminal proceedings.[2] *Commonwealth v. Moore,* 378 Pa.Super. 379, 548 A.2d 1250 (1988). Although, the regulations regarding the confidentiality of medical records do not provide, as does the statute regulating the physician patient privilege, that they are only applicable in civil cases, we find that the fact that such communications are not protected in criminal cases lends support to the proposition that the medical records regulations regarding confidentiality need not keep out medical records in every criminal case. Both statutes are intended to protect the privacy interests of patients. However, our courts and legislature have determined that, at least in certain circumstances, this privacy interest must yield to the proper administration of justice. *See e.g., Id.* (Confidentiality requirements of Disease Prevention Act did not preclude disclosure of rape defendant's medical records

---

**2.** 42 Pa.C.S.A. § 5929 provides:

No physician shall be allowed, in any civil matter, to disclose any information which he acquired attending the patient in a professional capacity, and which was necessary to enable him to act in that capacity, which shall tend to blacken the character of the patient, without consent of said patient, except in civil matters brought by such patient, for damages on account of personal injuries.

in order to determine whether defendant had gonorrhea at the time of the rape).

Thus, although appellee's right to confidential medical records was violated, we find that exclusion of the evidence is not the appropriate remedy. The violation was committed by a private individual who was not working as an agent of the state when the violation occurred. There is no reason to believe that suppressing this evidence would deter unlawful police conduct, therefore, suppression is not warranted.

Order reversed.

Case remanded.

Jurisdiction relinquished.