620 A.2d 1169

COMMONWEALTH of Pennsylvania, Appellee,

v.

Rhonda Kay CARBAUGH, Appellant.

Superior Court of Pennsylvania.

Submitted Oct. 19, 1992.

Filed Feb. 18, 1993.

180

Jack W. Connor, Asst. Public Defender, Uniontown, for appellant.

Alphonse P. Lepore, Jr., Asst. Atty. Gen., Harrisburg, for Com., appellee.

Before OLSZEWSKI, POPOVICH and MONTGOMERY, JJ.

OPINION PER CURIAM:

Appellant, Rhonda Kay Carbaugh, was convicted by a jury of homicide by vehicle while under the influence of alcohol or drugs, homicide by vehicle, driving while under the influence of alcohol, and other various summary offenses. Posttrial motions were filed and denied. Appellant was sentenced to a term of imprisonment of three to seven years for the homicide by vehicle while driving under the influence of alcohol conviction and a consecutive term of six to twelve months imprisonment for the driving while under the influence of alcohol conviction. This direct appeal followed. We affirm the convictions but vacate the judgment of sentence for driving while under the influence.

Appellant raises four issues on appeal: (1) whether the suppression court erred by not suppressing the blood test results; (2) whether the trial court erred by not allowing trial counsel to argue the mandatory sentence for homicide by vehicle while driving under the influence of alcohol; (3) whether the trial court erred by allowing the Commonwealth to introduce hearsay testimony; and (4) whether the sentence was illegal.

On June 8, 1989, appellant was involved in a one car accident. Appellant was driving a truck on S.R. 1003 in Fayette County. Appellant was observed driving at an excessive speed, fishtailing and skidding on the road. A passenger was thrown from the truck and died as a result of head and upper chest trauma. Appellant was subsequently arrested.

■ Appellant first claims that the suppression court erred by failing to suppress the blood test results. Appellant con-

tends that the results should have been suppressed because 75 Pa.C.S. § 1547(a)(2) is unconstitutional. This section, 75 Pa. C.S. § 1547(a)(2), states that the implied consent law applies to anyone involved in an accident, wherein the operator or passenger of any vehicle involved requires treatment in a hospital or is killed. Appellant is correct in that a panel of this court determined that 75 Pa.C.S. § 1547(a)(2) is unconstitutional. *Commonwealth v. Danforth,* 395 Pa.Super. 1, 576 A.2d 1013 (1990). The Pennsylvania Supreme Court affirmed that determination in *Commonwealth v. Kohl,* 532 Pa. 152, 615 A.2d 308 (1992), and held that a blood test based solely on the conditions set forth in 75 Pa.C.S. § 1547(a)(2) is an unreasonable search.

However, the case of *Commonwealth v. Ellis,* 415 Pa.Super. 220, 608 A.2d 1090 (1992), is more instructive on the present issue. In *Ellis,* two drivers were involved in an automobile accident and transported to a hospital. The police officer suspected that one of the drivers was intoxicated, not the appellee. The officer asked that the hospital take a blood test of the suspected intoxicated driver. The officer was advised that the blood was already tested and that the driver's blood alcohol content was above .10. The hospital also advised the officer that the appellee's blood alcohol content was .256. The officer never asked for this information. The blood tests were suppressed by the trial court and the Commonwealth filed an appeal. A panel of this court determined that because the blood test was taken by the hospital, on their own initiative, it was not violative of the Fourth Amendment in that the necessary government action was absent. *Commonwealth v. Ellis, supra.*

Presently, the evidence reveals that after the accident on June 8, 1989, appellant was taken to the hospital by a Lifeflight helicopter. The hospital took the blood as part of a routine procedure because appellant was a trauma patient. Officer Allmendinger was not at the hospital, did not request that the hospital take blood for testing and did not go to the hospital to obtain the results. On July 3, 1989, appellant was charged with driving under the influence of alcohol. After

182

these charges were filed, Officer Allmendinger subpoenaed the medical records and ascertained appellant's blood alcohol content. Therefore, appellant's rights were not violated by the hospital's action of taking a blood test and the trial court did not err by failing to suppress the results. *Commonwealth v. Ellis, supra.*

Appellant next claims that the trial court erred by not allowing trial counsel to state in his closing argument the mandatory penalty for the offense of vehicular homicide, driving while under the influence related. Punishment is a matter solely for the trial court. *Commonwealth v. Waters,* 334 Pa.Super. 513, 483 A.2d 855 (1984). The jury's function is to determine guilt or innocence. *Commonwealth v. White,* 350 Pa.Super. 457, 504 A.2d 930 (1986). The jury is not to know or to consider sentences when deliberating. *Commonwealth v. Waters, supra.* Appellant contends that the trial court did not have discretion because the sentence was mandatory. However, the fact that the sentence involved is mandatory is of no consequence. *Commonwealth v. White, supra.* Therefore, the trial court did not err.

Appellant next claims that the trial court erred by allowing the Commonwealth to introduce the preliminary hearing testimony of Ronnie Pirl, Jr., a deceased witness because it was inadmissible hearsay. The admission of an unavailable witness's prior recorded preliminary hearing testimony is permitted if the defendant was represented by counsel and had a full opportunity to cross-examine the witness. *Commonwealth v. Chestnut,* 511 Pa. 169, 512 A.2d 603 (1986); *Commonwealth v. Scarborough,* 491 Pa. 300, 421 A.2d 147 (1980).

Ronnie Pirl, Jr., was a passenger in the vehicle at the time of the accident. Mr. Pirl testified at the preliminary hearing. Appellant was represented by counsel and had a full opportunity to cross-examine Mr. Pirl. Mr. Pirl died after the preliminary hearing. Therefore, his preliminary hearing testimony was admissible at trial and the trial court did not err. *Commonwealth v. Chestnut, supra.*

■ Appellant next claims that the trial court imposed illegal sentences because driving under the influence merges with homicide by vehicle while driving under the influence. Appellant is correct in that driving under the influence merges with homicide by vehicle while driving under the influence. *Commonwealth v. Voshall,* 387 Pa.Super. 47, 563 A.2d 936 (1989), *aff'd,* 529 Pa. 571, 605 A.2d 1222 (1992). Therefore, the judgment of sentence for driving under the influence must be vacated. *Id.*

Judgment of sentence at No. 835 of 1989, homicide by vehicle while driving under the influence, is affirmed. Judgment of sentence at No. 835 2/6 of 1989, driving under the influence, is vacated. Jurisdiction is relinquished.