623 A.2d 336

**COMMONWEALTH of Pennsylvania**

v.

**John R. KUNKLE, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 11, 1993.

Filed April 13, 1993.

500

David J. DeFazio, Pittsburgh, for appellant.

Sandra Preuhs, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before ROWLEY, President Judge, and DEL SOLE and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from the judgment of sentence entered by the trial court on September 11, 1991. For the reasons set forth below, we affirm.

Following a bench trial, appellant was found guilty of involuntary deviate sexual intercourse,[1] indecent assault,[2] and corruption of a minor.[3] Appellant timely filed post-verdict motions and supplemental post-verdict motions which the trial court denied. The trial court sentenced appellant to a term of imprisonment of not less than five (5) nor more than ten (10)

1. 18 Pa.C.S.A. § 3123.
2. *Id.* § 3126.
3. *Id.* § 6301.

years for his conviction of involuntary deviate sexual intercourse. The trial court suspended sentence on the remaining charges. This timely appeal followed.

Appellant raises the following issues for our review:

I. Was the evidence in this case insufficient for a conviction and was the verdict against the weight of the evidence?

II. Did the trial court err in denying appellant Kunkle the opportunity to inquire into during crossexamination [sic] the alleged victim's prior psychiatric therapy and the prior sexual assault on the victim by her natural father?

III. Did the trial court err when it denied defense counsel the opportunity to call Mr. Alan Collins in order to examine him as to his findings that the alleged victim fabricated charges against appellant Kunkle regarding sexual abuse and also to examine Mr. Collins as to any prior inconsistent statements made by the alleged victim during the time Mr. Collins was evaluating her complaint against appellant Kunkle?

We will address these issues in order.

■ Appellant first argues that the evidence is insufficient to sustain his convictions. It is well settled that when sufficiency of the evidence claims are raised, "an appellate court must review the evidence presented and all reasonable inferences drawn therefrom in a light most favorable to the verdict winner and determine whether on the record there is a sufficient basis to support the challenged conviction." *Commonwealth v. Madison*, 501 Pa. 485, 490, 462 A.2d 228, 231 (1983) (citations omitted). The proper application of this test requires us to evaluate the entire trial record and all evidence actually received, in the aggregate and not as fragments isolated from the totality of the evidence. *Commonwealth v. Harper*, 485 Pa. 572, 576, 403 A.2d 536, 538 (1979). *See also Commonwealth v. Griscavage*, 512 Pa. 540, 517 A.2d 1256 (1986) (explicating appropriate application of standard of review set forth in *Harper, supra*). This standard means that we must view the evidence in the light most favorable to the Commonwealth as the verdict winner, and drawing all proper inferences favorable to the Commonwealth, determine if the

trier of fact could reasonably have concluded that all of the elements of the crime were established beyond a reasonable doubt. *Commonwealth v. Edwards,* 521 Pa. 134, 143, 555 A.2d 818, 823 (1989). We note that the trier of fact is free to believe all, part, or none of the evidence presented, *Griscavage,* 512 Pa. at 546, 517 A.2d at 1259, and that "the Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." *Commonwealth v. Harper,* 485 Pa. at 576, 403 A.2d at 538.

■ The Crimes Code defines the offense of involuntary deviate sexual intercourse, in relevant part, as follows:

A person commits a felony of the first degree when he engages in deviate sexual intercourse with another person:

(1) by forcible compulsion;

(2) by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution[.]

18 Pa.C.S.A. § 3123(1)–(2). The Crimes Code also provides that uncorroborated testimony of the sex offense victim may be sufficient to establish the guilt of the accused. *Id.* § 3106.

In the instant case, the trial court concisely reviewed the testimony of the victim as follows:

The victim testified that the first incident occurred when she was in the seventh grade. (T.T. p. 12). Sometime during September, 1987 when she was home "ill from school" (T.T. p. 10–12), defendant slapped the victim across the face, held his hand on her head, and forced her to perform oral sex. (T.T. p. 11). Knowing the victim was more afraid of vaginal intercourse (T.T. p. 14), defendant threatened her with this if she refused to perform. (T.T. p. 13–14). The victim also testified that on December 4, 1987, two days before her birthday, defendant forced her to perform oral sex because he "deserved something back for him buying me [a] kitten" as a birthday present. (T.T. p. 37).

The victim testified that these attacks occurred almost every weekend from September, 1987 until July, 1988, at

which time she showed her diary to her brother. (T.T. p. 15). Upon reading a diary entry in which the victim accused defendant of molesting her (T.T. p. 44), the victim's brother showed the diary to his mother. (T.T. p. 68). Trial Court Opinion filed July 14, 1992 at 3–4. This evidence, when reviewed under a light most favorable to the Commonwealth as verdict winner, is clearly sufficient to sustain appellant's conviction of involuntary deviate sexual intercourse.

Appellant next contends that the verdict is against the weight of the evidence. Our scope of review for a claim that a verdict is against the weight of the evidence is very narrow. *Commonwealth v. Hamilton,* 376 Pa.Super. 404, 414, 546 A.2d 90, 95 (1988), *allocatur denied,* 521 Pa. 629, 558 A.2d 531 (1989). The determination of whether to grant a new trial because the verdict is against the weight of the evidence rests within the discretion of the trial court, and we will not disturb that decision absent abuse of discretion. *Commonwealth v. Pronkoskie,* 498 Pa. 245, 251, 445 A.2d 1203, 1206 (1982); *Commonwealth v. Hunter,* 381 Pa.Super. 606, 618, 554 A.2d 550, 555 (1989). Where issues of credibility and weight of the evidence are concerned, it is not the function of the appellate court to substitute its judgment based on a cold record for that of the trial court. *Commonwealth v. Paquette,* 451 Pa. 250, 257, 301 A.2d 837, 841 (1973); *Commonwealth v. Hamilton,* 376 Pa.Super. at 414, 546 A.2d at 95–96. The weight to be accorded conflicting evidence is exclusively for the fact finder, whose findings will not be disturbed on appeal if they are supported by the record. *Commonwealth v. Zapata,* 447 Pa. 322, 290 A.2d 114 (1972). A claim that the evidence presented at trial was contradictory and unable to support the verdict requires the grant of a new trial only when the verdict is so contrary to the evidence as to shock one's sense of justice. *Id.; Commonwealth v. Hunter, supra; Commonwealth v. Saksek,* 361 Pa.Super. 173, 522 A.2d 70 (1987).

The trial court concisely reviewed the evidence presented in this case and determined that the verdict was not against the weight of the evidence. After reviewing the parties' briefs and the certified record, we find the trial court's

analysis and conclusion to be clear and correct. Accordingly, we affirm on the basis of the trial court opinion filed July 14, 1992, with regard to this issue.

Next, appellant argues that the trial court improperly denied appellant the opportunity to question the victim about a prior instance of sexual assault by a person other than appellant, and about about her psychiatric treatment related thereto. The admissibility of evidence is a matter left to the sound discretion of the trial court, and an appellate court may reverse only upon a showing that the trial court abused its discretion. *Commonwealth v. Wallace*, 522 Pa. 297, 309 n. 15, 561 A.2d 719, 725 n. 15 (1989). Evidence is admissible if, and only if, it is relevant: the evidence must logically or reasonably tend to prove or disprove a material fact in issue, to make such a fact more or less probable, or afford a basis or support for a reasonable inference or presumption regarding the existence of a material fact. *Commonwealth v. Ingram*, 404 Pa.Super. 560, 576, 591 A.2d 734, 742 (1991), *allocatur denied*, 530 Pa. 631, 606 A.2d 901 (1992). *Accord Commonwealth v. Stewart*, 461 Pa. 274, 336 A.2d 282 (1975).

Testimony of prior sexual conduct involving the victim, whether consensual or the result of nonconsensual or assaultive behavior, is not admissible unless it has probative value which is exculpatory to the defendant. 18 Pa.C.S.A. § 3104(a) ("Rape Shield Law"); *Commonwealth v. Smith*, 410 Pa.Super. 363, 368, 599 A.2d 1340, 1342 (1991). Moreover, a defendant who proposes to offer evidence of the alleged victim's past sexual conduct must file a written motion and make a specific offer of proof at the time of trial. 18 Pa.C.S.A. § 3104(b). In determining whether the application of the Rape Shield Law violates a defendant's constitutional rights to confront and cross-examine witnesses against him, this court has recently held:

In Pennsylvania, we have come to resolve this question through a relatively elaborate procedure which is designed to ensure that no evidence of the victim's sexual history is introduced *unless* and *until* it can be established that to exclude such evidence would lay victim to the very raison

d'etre of the trial itself: the pursuit of truth. The process begins with the defendant submitting a specific proffer to the court of exactly what evidence he or she seeks to admit and precisely why it is relevant to the defense. *See Commonwealth v. Smith, supra* [410 Pa.Super. 363], 599 A.2d [1340] at 1342 [ (1991) ], *Commonwealth v. Nieves, supra,* [399 Pa.Super. 277,] 582 A.2d [341] at 347 [ (1990), *allocatur denied,* 529 Pa. 633, 600 A.2d 952 (1991) ]. This procedure forces the defendant to frame the precise issues and interests involved, and prevents him or her from embarking upon "fishing expedition style intrusions on Rape Shield Law protections." *Id.,* 582 A.2d at 349. Where the proffer is but vague and conjectural, evidence of the victim's past sexual conduct will be excluded and no further inquiry need be entertained. *Id.; Commonwealth v. Troy,* 381 Pa.Super. 326, 335, 553 A.2d 992, 996–97 (1989) [, *allocatur denied* 525 Pa. 626, 578 A.2d 413 (1990) ] (plurality).

*Commonwealth v. Wall,* 413 Pa.Super. 599, 614–15, 606 A.2d 449, 457 (1992), *allocatur denied,* 532 Pa. 645, 614 A.2d 1142 (1992). *Accord Commonwealth v. Berkowitz,* 415 Pa.Super. 505, 525, 609 A.2d 1338, 1348–49 (1992), *allocatur granted,* 531 Pa. 650, 613 A.2d 556 (1992).

During cross-examination of the victim, the following exchange occurred:

Q. [Defense Counsel]: Is this the first person you have accused of this kind of crime?

MR. TORISKY [prosecutor]: Objection, Your Honor. Defense counsel knows that's complete irrelevant to these proceedings.

THE COURT: I will sustain the objection.

MR. DeFAZIO [defense counsel]: I would argue it just goes to credibility, Your Honor, the ability to perceive and accurately perceive and communicate and recall. I think that any prior sexual assault on this victim would traumatize her to the extent that she would just come into court and make this up, not intentionally, perhaps, but—

THE COURT: I'm here trying this matter here, you know. I don't know what you're talking about, if it happened. Do you know?

MR. DeFAZIO: I have information I got in discovery. That's why I am pursuing it.

MR. TORISKY: The Superior and Supreme Courts have disagreed, that is wholly irrelevant, and inadmissible in proceedings of this type.

MR. DeFAZIO: If you have a case, I will be happy to hear it.

MR. TORISKY: I provided cases the last time we argued this point.

THE COURT: I am going to sustain the objection on that point. I think the law is clear.

N.T. 7/16–17/91 at 38–39. Although counsel refers to a prior discussion on this point, there is no evidence that defense counsel filed a written motion pursuant to 18 Pa.C.S.A. § 3104(b), or evidence that a prior discussion on this matter took place before the trial court. Moreover, based upon the standards set forth above, the offer of proof presented at trial by defense counsel was wholly inadequate to meet the specific proffer required by *Smith, Nieves* and their progeny. Accordingly, we find no abuse of discretion by the trial court when it barred evidence pertaining to the prior sexual assault of the victim.

 Finally, appellant contends that the trial court improperly denied appellant's counsel the opportunity to call the victim's sexual assault counselor as a defense witness. Specifically, appellant argues that although there is a statutory privilege applicable to sexual assault counselors, the counselor determined that the allegations were fabricated and therefore, the victim was not, in fact a "victim." We disagree.

Initially, we note that there is some confusion as to whether this issue has been preserved for our review. In its opinion filed July 14, 1992, the trial court did not address the merits of appellant's argument because at trial, defense counsel never attempted to call the counselor to testify. However, our review of the record discloses the following exchange which

took place during argument on appellant's post-verdict motions:

MR. DeFAZIO [defense counsel]: I'd like to just note for the record that prior to trial I had wanted to subpoena this [sexual assault counselor], that the D.A. objected and you agreed with the D.A., being that the statute with regards to the testimony of a psychologist and/or mental health rape counselor/therapist prevented my calling the individual.

THE COURT: Is that your memory Mr. Torisky.

MR. TORISKY [prosecutor]: Actually, Your Honor, it's my recollection that prior to commencing with testimony, this Court made a point of putting that on the record. If it was not—

THE COURT: If we didn't—

MR. TORISKY: If it was not, I certainly have no objection of re-opening—

THE COURT: That is my memory of what happened. I would like the record to reflect Mr. Torisky objected to Mr. DeFazio's motion that the rape counselor—what was his name?

MR. DeFAZIO: Collins.

THE COURT: Collins is called and I agreed that the law did not permit him to call him without permission of the victim and there was no permission forthcoming and therefore I denied that motion. I'd like the record to reflect that so that's preserved for appellate purposes.

N.T. 9/11/91 at 3–4. Based on these statements by the trial court, we conclude that defense counsel made some attempt to call the sexual assault counselor to testify. Accordingly, we will address the merits of appellant's argument.

Generally, communications between the victim of a sexual assault and her sexual assault counselor are privileged:

A sexual assault counselor has a privilege not to be examined as a witness in any civil or criminal proceeding without the prior written consent of the victim being counseled by the counselor as to any confidential communication made by the victim to the counselor or as to any advice, report or

working paper given or made in the course of the consultation.

42 Pa.C.S.A. § 5945.1(b). The term victim, as used in section 5945.1 is defined as:

A person who consults a sexual assault counselor for the purpose of securing advice, counseling or assistance concerning a mental, physical or emotional condition caused or reasonably believed to be caused by a sexual assault.

42 Pa.C.S.A. § 5945.1(a). In Pennsylvania, it is well-settled that a court must construe the words of a statute according to their plain meaning. 1 Pa.C.S.A. § 1903(a); *Commonwealth v. Stanley*, 498 Pa. 326, 335, 446 A.2d 583, 587 (1982); *Fireman's Fund Insurance Co. v. Nationwide Mutual Insurance Co.*, 317 Pa.Super. 497, 502, 464 A.2d 431, 434 (1983). When the words of a statute are unambiguous, they are not to be disregarded under the pretext of pursuing the spirit of the statute. 1 Pa.C.S.A. § 1921(a).

It is clear from the plain language of the statute that the complainant's status as a "victim" is not dependent upon the sexual assault counselor's evaluation of the situation. Moreover, based upon our review of the record, it is clear that the complainant consulted the sexual assault counselor "for the purpose of securing advice, counseling or assistance" concerning a condition related to the sexual assault. 42 Pa.C.S.A. § 5945.1(a). Therefore, pursuant to 42 Pa.C.S.A. § 5945.1(b), the sexual assault counselor could not testify without the prior written consent of the victim. Because there is no evidence that the victim gave written consent to the counselor, we cannot find the trial court's preclusion of the counselor's testimony to be an abuse of discretion.

Judgment of sentence affirmed.

DEL SOLE, J., concurs in the result.