## Commonwealth v. Battista

*Michael R. Galantino,* for the Commonwealth.
*Stephen D. Molineux,* for defendant.

BATTLE, *J.,* April 19, 1995—

FACTS

The victim informed police that the defendant, William J. Battista had engaged him in some form of sexual activity from the time that the victim was 12 years of age until approximately two and one-half years ago. The victim further informed police that the defendant had shown him numerous pornographic magazines and videotapes which the victim knew were kept in specific locations of the defendant's home.

Delaware County C.I.D. detectives prepared a search warrant and an arrest warrant on October 12, 1993. The search warrant was approved by a district justice. The arrest warrant had not yet been approved. On October 13, 1993 at 6 a.m. the police detectives went to the defendant's home. The detectives peacefully announced their presence to the defendant who allowed them to speak with him for approximately one hour in his home. The detectives prepared a summary of the statements the defendant made and he voluntarily signed the statement. The detectives subsequently left the defendant's residence and returned approximately one-half hour later to execute the search warrant. The detectives searched the premises and arrested the defendant and charged him with six counts of involuntary deviate sexual intercourse (18 Pa.C.S. §3123 sub-paragraph 5), six counts of indecent assault (18 Pa.C.S. §3126 sub-paragraph 6), six counts of indecent exposure (18 Pa.C.S. §3127), one count of endangering the welfare of a child (18 Pa.C.S. §4304), six counts of obscene and other sexual materials and performances (18 Pa.C.S. §5903), and six counts of corrupting the morals of a child (18 Pa.C.S. §6301).

The defendant filed pre-trial motions to suppress the defendant's statement and the other evidence seized; this motion was denied with a memorandum opinion and order.

A jury trial was held on July 7, 8 and 9, 1994 at the conclusion of which the defendant was found guilty of two counts of involuntary deviate sexual intercourse, five counts of indecent assault, five counts of obscene and other sexual materials and performances and five counts of corrupting the morals of children.

On August 16, 1994 the defendant was sentenced as follows:

Information A—Involuntary Deviate Sexual Intercourse Count 1, minimum incarceration of five years, maximum incarceration of 10 years, Count 2, minimum incarceration of five years, maximum incarceration of 10 years, with the sentence on Information A Count 2 to run concurrent with the sentence on Information A, Count 1.

Information B—Indecent Assault Count 1, minimum confinement of six months, maximum confinement of 12 months, Count 2, minimum confinement of six months, to a maximum confinement of 12 months, Count 3, minimum confinement of six months to a maximum confinement of 12 months. Information B Counts 1, 2 and 3 are to run consecutive to Information A and to each other.

Information E—Obscene and other sexual material or performances, Count 1, one year probation, Count 2, one year probation, Count 3, one year probation, Count 4, one year probation, Count 5, one year pro-

bation. Information E, Counts 1 through 5 are to run concurrent with each other and with Information A.

Information F—Corruption of morals of a minor, Count 1, one year probation, Count 2, one year probation, Count 3, one year probation, Count 4, one year probation, Count 5, one year probation. Information F Counts 1 through 5 are to run concurrent with each other and concurrent to Information A.

On August 26, 1994 the defendant filed post-sentence motions which were denied by way of order. The defendant subsequently appealed this matter to Superior Court and supplied this court with appellant's concise statement of matters complained of on appeal thereby necessitating this opinion.

## DISCUSSION

### Suppression Issues

Issues 1 through 4 of defendant appellant's concise statement of matters complained of on appeal were previously addressed in our memorandum opinion denying the defendant's motion to suppress.

### Rape Shield Issues

The defendant next contends that this court committed reversible error by not allowing the introduction of evidence when: "the court prohibited the defendant from introducing exculpatory evidence that would have shown the victim's motivation and reason for fabricating the allegations and the court prohibited the defendant from introducing the same exculpatory evidence because of an unconstitutional rape shield statute." We disagree.

The defendant's concise statement of matters complained of on appeal is vague, however this court surmises that the defendant is referring to our denial of his motion to permit the introduction of evidence relating to the victim's prior sexual conduct. The standard of review when examining a challenge to an evidentiary ruling is well-settled. The admissibility of evidence is a matter solely within the sound discretion of the trial court. A trial court's ruling on evidentiary matters will not be reversed absent a clear abuse of discretion. *Commonwealth v. Johnson,* 536 Pa. 153, 638 A.2d 940 (1994); *Commonwealth v. Foy,* 531 Pa. 322, 612 A.2d 1349 (1992); *Commonwealth v. Kunkle,* 424 Pa. Super. 499, 505, 623 A.2d 336, 339 (1993).

Evidence regarding alleged prior sexual conduct of the victim was properly excludable either on general relevancy grounds or based upon the provisions of the Rape Shield Law.

The Rape Shield Law provides in pertinent part:

"Evidence of victim's sexual conduct;

"(a) General rule—evidence of specific instances of the alleged victim's past sexual conduct, opinion evidence of the alleged victim's past sexual conduct, and reputation evidence of the alleged victim's past sexual conduct shall not be admissible in prosecutions under this chapter except evidence of the alleged victim's past sexual conduct with the defendant where consent of the alleged victim is at issue and such evidence is otherwise admissible pursuant to the rules of evidence." 18 Pa.C.S. §3104.

However, the Sixth Amendment to the United States Constitution states that "in all criminal prosecutions,

the accused shall enjoy the right to ... be confronted with the witnesses against him and to have compulsory process for obtaining witnesses in his favor." The purpose of the Rape Shield Law is seen as terminating the misguided efforts of overly zealous defense attorneys who may seek to harass or embarrass the victim or a witness who was brave enough to venture onto the witness stand. *Commonwealth v. Wall,* 413 Pa. Super. 599, 606 A.2d 449 (1992); *Commonwealth v. Smith,* 410 Pa. Super. 363, 599 A.2d 1340 (1991). The Superior Court in the case of *Commonwealth v. Wall, supra* has held that the Rape Shield Law and the confrontation clause are reconcilable and therefore the Rape Shield Law is constitutional. *Id.* at 614, 606 A.2d at 457. "It is only where the truth determining process is not forwarded by the exclusion of past sexual history that the Rape Shield Law and the confrontation clause may not be reconciled." *Id.*

A defendant who desires to introduce evidence of the victim's prior sexual conduct must file a written motion and make a specific offer of proof prior to trial. 18 Pa.C.S. §3104, *Commonwealth v. Kunkle, supra.* To determine whether the evidence is admissible or is precluded by the Rape Shield Law, 18 Pa.C.S. §3104, the court must first determine whether the offer of proof is sufficiently specific to warrant consideration. A proffer which is vague or conjectural will result in exclusion of the evidence without further inquiry. *Commonwealth v. Kunkle, supra* at 506, 623 A.2d at 339-40; *Commonwealth v. Wall, supra* at 614, 606 A.2d at 457. If the proffer is sufficiently specific the court must then conduct an in camera hearing to determine: (1) whether the evidence is relevant to the defense at trial;

(2) whether the evidence is cumulative of otherwise admissible evidence; and (3) whether the evidence is more probative than prejudicial. *Commonwealth v. Berkowitz,* 415 Pa. Super. 505, 609 A.2d 1338 (1992); *Commonwealth v. Wall, supra.*

In the instant case, there was no written motion or offer of proof regarding what evidence defendant intended to present at trial. Defendant's attempt during trial to present such evidence without first having submitted a written offer of proof and undergoing an in camera hearing was in direct violation of the provision of the Rape Shield Law. 18 Pa.C.S. §3104(b).

In the case at bar the defendant sought to introduce evidence that the victim was a homosexual and engaged in homosexual actions with others. Further, the defendant sought to introduce evidence that the victim's homosexuality was exposed by his stepfather who was punishing him for being a homosexual. Lastly, the defense sought to introduce evidence that the victim was attempting to flee from his stepfather and had requested $700 from the defendant in order to do so and when the defendant would not provide money to the victim, the victim brought these charges against the defendant.

The issue of whether the victim was a homosexual or engaged in previously consensual homosexual relations with others is barred from introduction at trial pursuant to the Rape Shield Law. See 18 Pa.C.S. §3104(a) and (b) and *Commonwealth v. Johnson,* 389 Pa. Super. 184, 566 A.2d 1197 (1989). The introduction of this evidence would only distract from legitimate issues involved in the case and would only seek to harass or embarrass the victim. The evidence of the

victim's homosexuality or prior consensual homosexual encounters is irrelevant and is more prejudicial than probative. The issues of homosexuality and consent are irrelevant in this matter. The defendant was not prohibited from cross-examining the victim on the issue of the alleged request for money from the defendant as a means of establishing bias on the victim's part. The defendant's Sixth Amendment right to confront his accuser was properly reconciled with Pennsylvania's Rape Shield Law and therefore no error was committed.

## Photographs of the Victim

The defendant next alleged that this court erred in introducing into evidence the photograph of the victim in 1988 when the victim was 11 years of age. We disagree. The defendant claims that this was error due to the fact that there were no allegations at any time that the defendant molested the victim in 1988 and that the appearance of a person changes immensely from age 11 to age 13 when the molestation allegedly occurred. The defense further contends that the jury reviewed the photograph and their minds and passions were inflamed because the jury was led to believe that the victim was a young child when the first incident occurred and therefore this was prejudicial to the defendant.

The defendant's logic is clearly flawed. The courts in this Commonwealth have held that "a photograph that is not judged inflammatory is admissible if it is relevant and assists the jury in understanding the facts." *Commonwealth v. Dotter,* 403 Pa. Super. 507, 589 A.2d 726 (1991). Presently, there was testimony by the victim

in this case as to how old he was when each of these alleged incidents occurred. The jury was able to listen to this evidence and apply it to the age limits in involuntary deviate sexual intercourse as well as indecent assault. The fact that a photo was taken at a time different from that in question does not render the photo inadmissible if witnesses verify that it accurately depicts the way the person looked at the time in question. *Commonwealth v. Nauman,* 345 Pa. Super. 457, 498 A.2d 913 (1985); *Commonwealth v. Schwartz,* 419 Pa. Super. 251, 615 A.2d 350 (1992), *allocatur denied,* 535 Pa. 617, 629 A.2d 1379 (1993).

In the instant case, photos of the victim at age 12 were offered as evidence to illustrate that there could be no mistake regarding the age of the victim at the time the defendant first met and began having a sexual relationship with the victim. The photos were relevant to eliminate as a possible defense, any claim that the defendant may have mistakenly believed that the victim was over age 16 and, therefore, able to consent to the type of sexual conduct which the defendant engaged in with him. The photos were not graphic nor designed in any other way to play upon the passions or sympathies of the jury. Rather, they illustrated that no reasonable person could have been mistaken into believing that the victim was over age 16. The victim verified that the photos depicted accurately how he looked at age 12 during the summer when he first met and became involved sexually with the defendant. (N.T. 7/6/94, pp. 73-81.) Accordingly, defendant's claim of error must be rejected as meritless. The introduction of the photograph in no way prejudiced the defendant since the verdict clearly indicates that the jury was able to decipher

events that occurred prior to the age of 14 as well as prior to the age of 16.

## Sentencing Issues

The defendant next contends that this court erred in prohibiting the defendant from informing the jury that if convicted he would be sentenced to a mandatory minimum of five years in jail for each count of involuntary deviate sexual intercourse that he was convicted of and further, that he would be required to serve each and every day of the five years before becoming eligible for parole. We disagree. It is well-settled law that sentencing is in the province of the trial court. The jurors are the sole finders of fact and are restricted to rendering a verdict as to whether the Commonwealth has proven the allegations beyond a reasonable doubt. The issue of punishment is not one for the jury but rather it is one for the trial court. The role of the jury in a trial is to determine the facts and to render a verdict of guilty or not guilty to the charges with which the defendant stands accused. *Commonwealth v. Lucier,* 424 Pa. 47, 225 A.2d 1890 (1967); *Commonwealth v. Golinsky,* 426 Pa. Super. 319, 626 A.2d 1224 (1993); *Commonwealth v. Carbaugh,* 423 Pa. Super. 178, 620 A.2d 1169 (1993); *Commonwealth v. White,* 350 Pa. Super. 457, 504 A.2d 930 (1986). Imposition of sentence and punishment are matters solely within the jurisdiction and authority of the trial court. *Commonwealth v. Carbaugh, supra; Commonwealth. v. Waters,* 334 Pa. Super. 513, 483 A.2d 855 (1984). The jury is not to know or consider possible consequences involving sentencing. That a mandatory sentence is involved does not change this in the least, the jury is not

to be aware of such matters. *Commonwealth v. Carbaugh, supra.* See also, Pennsylvania Suggested Standard Jury Instructions, section 2.08.

The defendant next contends that the court erred in not merging the sentences of involuntary deviate sexual intercourse and indecent assault. We disagree. At trial, there was testimony regarding at least five instances of the defendant fondling the victim prior to the two occasions of the defendant performing oral sex on the victim. As such, the fondling incidents constitute the five counts of indecent assault and the oral sex incidents constitute the two counts of involuntary deviate sexual intercourse.

There were at least five incidents of indecent assault prior to the occurrence of the two felonies of involuntary deviate sexual intercourse and therefore the defenses do not merge for the purpose of sentencing. The defendant was properly sentenced well within the guideline range.

## Defendant's Signed Statement

Defendant next claims that the trial court erred by permitting a copy of the defendant's signed statement to go out with the jury during its deliberations in violation of Pa.R.Crim.P. 1114. We disagree. The defendant used this statement in his closing argument. In fact, the defendant invited the jury to review the statement. This clearly constitutes a waiver of any error regarding the jury reviewing the statement.

The Rules of Criminal Procedure provide as follows regarding exhibits which a jury may have in its possession during its deliberations.

"Rule 1114. Material permitted in possession of jury.

"Upon retiring for deliberations, the jury shall not be permitted to have a transcript of any trial testimony, nor a copy of any written confession by the defendant, nor a copy of the information or indictment. Otherwise, upon retiring, the jury may take with it such exhibits as the trial judge deems proper." Pa.R.Crim.P. 1114.

In the instant case, review of the record discloses that defense counsel made no objection to any exhibits which were sent out to the jury and in fact argued aspects of this statement in his closing argument. The Superior Court has determined that a defendant who failed to object to a co-defendant's plea statement being sent out with a jury during deliberations and who argued aspects of the agreement favorable to him had waived the issue and that he had not been prejudiced by having the document sent out with the jury. *Commonwealth v. Fox,* 422 Pa. Super. 224, 619 A.2d 327 (1993), *allocatur denied,* 535 Pa. 659, 634 A.2d 222 (1993). Moreover, failure to make a timely objection and record of the objection constitutes a waiver of that issue. See *Commonwealth v. Williams,* 346 Pa. Super. 456, 499 A.2d 1089 (1985); *Commonwealth v. Laskaris,* 385 Pa. Super. 339, 561 A.2d 16 (1989); *Commonwealth v. White, supra; Commonwealth v. Keysock, supra.* Here, defense counsel, in his closing argument, invited the jury to examine the signed statement. (N.T. 7/8/94, p. 41.) Clearly, the only way for the jury to review and examine the statement was for the statement to go out with the jury during their deliberations. Defense counsel, as a matter of trial strategy chose to emphasize what he perceived to be aspects of the statement which were favorable to his client. Therefore, the issue has not

only been waived, but defendant's decision during trial and closing arguments to refer to the statement and to invite the jury to inspect it further—during deliberations—was a matter of strategy and cannot be the subject of an ineffectiveness claim. Accordingly, this claim must be rejected.

For the above reasons we believe that there was no error in the defendant's trial.