**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Joey Michael BELTZ, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 19, 2002.

Filed June 17, 2003.

Reargument Denied Aug. 20, 2003.

J. Michael Sheldon, Lebanon, for appellant.

Jennifer Gettle, Assistant District Attorney, Lebanon, for Commonwealth, appellee.

Before: STEVENS, OLSZEWSKI, and BECK, JJ.

STEVENS, J.:

¶ 1 Joey Michael Beltz appeals from a judgment of sentence entered in the Court of Common Pleas of Lebanon County following his conviction for sexual assault.[1] We affirm.

¶ 2 Beltz, a student at Lebanon Valley College, was accused of sexually assaulting a classmate in September, 2000. At trial, Beltz admitted to having intercourse with the victim, but maintained that it was consensual. The victim testified to the contrary. Additional testimony was given regarding the victim's advanced state of intoxication at the time of the incident, medical examination of the victim two days afterward, and examination of the victim's clothing. Beltz was convicted and sentenced to three and one half to seven years' imprisonment.[2] He filed a timely appeal, and, in compliance with an order to do so, submitted a Pa.R.A.P.1925(b) statement of matters complained of on appeal.[3] The trial court responded with a 1925(a) opinion, and the case was then argued before this Court.

¶ 3 Beltz raises the following issues on appeal:

A. Whether the trial court erred and abused its discretion in refusing to allow Appellant to cross examine the alleged victim with her sworn testimony at the preliminary hearing, contrary to the rules of evidence, which violated his state and federal constitutional rights of confrontation, due process and to a fair trial and greatly prejudiced him?

B. Whether the trial court erred and abused its discretion in refusing to per-

---

1. 18 Pa.C.S.A. § 3124.1.

2. No post-sentence motions were filed.

3. Attorney J. Michael Sheldon represented Beltz throughout his trial, and continues to do so during Beltz's direct appeal.

mit Appellant, as an exception to the rape shield statute, to introduce at trial evidence that the alleged victim had sex with her former boyfriend during the afternoon of the day in question, which evidence was relevant and admissible to rebut the prosecution's medical and forensic testimony against him, provide an alternative account of the Commonwealth's evidence, and challenge the alleged victim's credibility?

C. Whether trial counsel rendered the Appellant constitutionally ineffective assistance by failing to object to a series of hearsay, irrelevant and inflammatory statements, including some made by the alleged victim to a friend in which she claimed she had been raped and other from Appellant's roommate testified to by the alleged victim suggesting Appellant's guilt, all of which were inadmissible, not subject to any hearsay exceptions, and extraordinarily prejudicial to Appellant?

Appellant's brief at 5.

¶ 4 Appellant first alleges that he is entitled to a new trial because the trial court improperly precluded him from using a preliminary hearing transcript. Our review of the record reveals that Attorney Sheldon, Appellant's counsel, wished to cross-examine the victim with testimony she gave at a preliminary hearing held on January 19, 2001. N.T. 8/9/01 at 79. In furtherance of that request, Attorney Sheldon had a certified copy of the preliminary hearing transcript, but he had not previously secured the prosecution's stipulation that the copy was, in fact, a true and accurate record of the hearing. *Id.* at 79–80. The prosecution explained that it re-fused to stipulate to the transcript because it contained material errors. *Id.* at 80. The trial court indicated that without a stipulation as to accuracy, it was Attorney Sheldon's burden to call the stenographer responsible for the transcript, and, since he had not done so, the trial court refused to permit questions based on the preliminary hearing transcript. *Id.* at 80–81.

¶ 5 During Attorney Sheldon's cross-examination of the victim, however, he brought up her testimony at the preliminary hearing. *Id.* at 97. The prosecution objected, and at that point Attorney Sheldon indicated that he intended to call the stenographer. *Id.* at 98. The trial court rebuked him, explaining that "I already ruled you weren't allowed to do that. You're not allowed to go there. It was your duty to do it. You didn't do it. I am not delaying trial for that. That was improper, you should have known better." *Id.* at 98–99.

¶ 6 Appellant asserts that he is entitled to a new trial as the result of the trial court's refusal to allow use of the transcript. While we agree that it was error for the trial court to disallow use of the transcript, we cannot grant Appellant the relief he requests. Despite the trial court's contrary conclusion, testimony transcribed by an official court stenographer need not be authenticated by the stenographer's own testimony. *Commonwealth v. Willis*, 383 Pa.Super. 11, 556 A.2d 403 (1989).[4] We cannot grant Appellant a new trial on this ground, however.

¶ 7 Even when a defendant can prove an error in the admission or exclu-

4. In *Willis,* the appellant claimed that the Commonwealth failed to prove that certain notes of testimony were authentic, and that the court stenographer who transcribed the testimony was required to testify regarding their content and accuracy. *Id.* at 407 n. 3. A panel of this Court disagreed, finding that since the testimony was transcribed by an official court reporter, there was no need to have the reporter testify as to the accuracy of the notes. *Id.*

sion of testimony, it is not enough to warrant a new trial unless he can also prove that he was prejudiced by such error. *Commonwealth v. Showers,* 452 Pa.Super. 135, 681 A.2d 746, 757 (1996). Here, Appellant successfully argues that the trial court erred in concluding that it was necessary for Appellant to call the stenographer to testify to authenticate the preliminary hearing transcript. *Willis, supra.* However, proof of trial court error in this case does not equate to proof that a new trial is required. Although Appellant alleges that "there were numerous material inconsistencies between the alleged victim's trial testimony, her statements to the police and her preliminary hearing testimony," he never explains what the inconsistencies were. Appellant's brief at 14. Appellant gives us absolutely nothing on which to conclude that he was prejudiced by the trial court's actions. We cannot find that Appellant was prejudiced based only on general allegations of "inconsistency," and without a showing of prejudice, Appellant cannot show that he is entitled to a new trial. *Commonwealth v. Simmons,* 541 Pa. 211, 662 A.2d 621, (1995).[5]

█ ¶ 8 Appellant next asserts that the trial court erred and abused its discretion in refusing to permit Appellant, as an exception to the rape shield statute,[6] to introduce at trial evidence that the victim had engaged in sexual activity with another man earlier on the day in question.

¶ 9 The rape shield statute provides as follows:

§ 3104. Evidence of victim's sexual conduct

(a) General rule.—Evidence of specific instances of the alleged victim's past sexual conduct, opinion evidence of the alleged victim's past sexual conduct, and reputation evidence of the alleged victim's past sexual conduct shall not be admissible in prosecutions under this chapter except evidence of the alleged victim's past sexual conduct with the defendant where consent of the alleged victim is at issue and such evidence is otherwise admissible pursuant to the rules of evidence.

(b) Evidentiary proceedings.—A defendant who proposes to offer evidence of the alleged victim's past sexual conduct pursuant to subsection (a) shall file a written motion and offer of proof at the time of trial. If, at the time of trial, the court determines that the motion and offer of proof are sufficient on their faces, the court shall order an in camera hearing and shall make findings on the record as to the relevance and admissibility of the proposed evidence pursuant to the standards set forth in subsection (a).

18 Pa.C.S. § 3104(a).

¶ 10 At the start of trial in the case at hand, the following discussion occurred:

THE COURT: The District Attorney, on a motion in limine, is asking that prior sexual contact be inadmissible under the Rape Shield Act.

Attorney Sheldon has now indicated that he intends to introduce evidence— or alleges that there was acknowledgment by the victim that within a few

---

**5.** In *Simmons,* the appellant claimed he was entitled to a new trial because the trial court erred in allowing the Commonwealth to refer to the existence of a letter in order to rehabilitate a witness on re-direct as to inconsistent statements she had made in previous proceedings. The Pennsylvania Supreme Court disagreed, finding that even if it were to assume

that reference to the letter was improper, no new trial was warranted because "any resulting error was harmless since appellant could not show he suffered any prejudice." *Simmons,* 541 Pa. at 236, 662 A.2d at 633.

**6.** 18 Pa.C.S. § 3104.

hours prior to the incident involved she was involved in a sexual relationship with another person . . . .

. . .

MRS. GETTLE: Your Honor, I would suggest that this portion, in terms of what the Defendant has raised, should be held—basically held until we see what the testimony is.

. . .

THE COURT: . . . I am going to have to hold off on my ruling until I hear the testimony of the Commonwealth.

. . .

But what I suggest we do is this, at the end of direct examination, if you intend to proceed, you approach and we can make a ruling at that juncture on what I have heard. And I will reserve ruling on that.

N.T. 8/9/01 at 4–8. Appellant did not submit a written motion and offer of proof pursuant to Section 3104(b). At the close of the victim's direct testimony, the trial court ruled that the Rape Shield Act precluded the defense from eliciting testimony regarding the victim's alleged prior sexual conduct. *Id.* at 78.

■ ¶ 11 In its 1925(a) opinion, the trial court concludes that Appellant's failure to submit a written motion and offer of proof is fatal to his claim. Appellant counters that he was not required to take such action. We disagree. "[A] defendant who proposes to offer evidence of the alleged victim's past sexual conduct must file a written motion and make a specific offer of proof at the time of trial." *Commonwealth v. Kunkle,* 424 Pa.Super. 499, 623 A.2d 336, 339 (1993) (*citing* 18 Pa.C.S.A. § 3104(b)).[7] Even if Appellant's failure to file a written motion could be excused, our review of the record leads to the conclu-

sion that the trial court correctly refused to allow evidence of the victim's prior sexual conduct.

■ ¶ 12 As we noted previously, "the Rape Shield Law bars prior instances of sexual conduct **except those with the defendant where consent of the victim is at issue and the evidence is otherwise admissible.**" *Commonwealth v. Fink,* 791 A.2d 1235, 1240 (Pa.Super.2002) (emphasis added). In addition to the specific exception contained in the statute itself, our courts have found additional exceptions.

Our Supreme Court has held the law does not prohibit relevant evidence that "directly negates the act of intercourse with which a defendant is charged." *Commonwealth v. Majorana,* 503 Pa. 602, 611, 470 A.2d 80, 84 (1983); *see also Commonwealth v. Widmer,* 446 Pa.Super. 408, 410, 667 A.2d 215, 216 (1995). The Rape Shield Law may not be used to exclude relevant evidence showing a witness' bias or attacking credibility. *Commonwealth v. Black,* 337 Pa.Super. 548, 557, 487 A.2d 396, 401 (1985). Also, "evidence tending to directly exculpate the accused by showing that the alleged victim is biased and thus has a motive to lie, fabricate, or seek retribution is admissible at trial." [*Commonwealth v. Guy,* 454 Pa.Super. 582, 588, 686 A.2d 397, 400 (1996)].

*Commonwealth v. Allburn,* 721 A.2d 363, 366 (Pa.Super.1998). Thus, we examine the circumstances before us to determine whether the trial court erred in concluding that no exception applied to permit the evidence Appellant sought to introduce.

¶ 13 Clearly, the evidence may not be admitted under the exception for past sexual conduct with the defendant, since it did not occur with Appellant. Further, it does

---

7. In *Kunkle,* the defendant wished to introduce evidence of a prior sexual assault on the

victim by a third party. *Kunkle,* 623 A.2d at 339.

not fall under the category of evidence that "directly negates the act of intercourse with which a defendant is charged," as is contemplated by *Majorana, supra,* since it is not of a nature to negate the intercourse between the victim and Appellant.[8] Appellant claims that

> [the evidence] was relevant because it tended to negate not the fact that sex took place between the two, which Mr. Beltz freely admitted, but rather its coercive nature, that it was not against her will. And the evidence was highly probative and not prejudicial inasmuch as it undermined her credibility with regard to the source of the spermatozoa and slight bruises.

Appellant's brief at 29. We fail to understand, however, how the fact that the victim had sex earlier that day could be in any way determinative of whether she consented to the intercourse she subsequently had with Appellant. We are also unconvinced that the source of the spermatozoa is of any import, since Appellant admitted that he had sex with the victim, and a prosecution witness credibly testified that use of a condom does not eliminate the presence of some spermatozoa. N.T. 8/9/01 at 243, 441.

¶ 14 Neither does Appellant contend that the evidence shows bias on the victim's part, as is contemplated by *Guy, supra.* Appellant does, however, assert that the evidence of the victim's sexual activities with a third party should be allowed to attack her credibility, as is contemplated by *Black, supra.* Nonetheless, the Pennsylvania Supreme Court has concluded that evidence that someone else in addition to the defendant may have had sexual contact with the victim does not exonerate the defendant. *Fink,* 791 A.2d at 1240 (*citing Commonwealth v. Durst,* 522 Pa. 2, 6, 559 A.2d 504, 506 (Pa.1989)). *See also Allburn,* 721 A.2d at 368 (Evidence of a victim's prior sexual activity was held not admissible under the Rape Shield Law where the offer of proof showed only prior sexual conduct by the victim with others in addition to the defendant, but did not show how the evidence would exonerate the defendant). Here, although Appellant questions the victim's credibility, he does not deny that they had intercourse. He makes no claim that the evidence he wished to introduce exonerated him.

¶ 15 Our review of the record convinces us that the evidence Appellant wished to introduce does not fall under any exception to the rape shield statute, and was, therefore, properly excluded by the trial court. Because Appellant cannot show that the trial court abused its discretion in this regard, we decline to reverse on these grounds. *Commonwealth v. Weber,* 549 Pa. 430, 436, 701 A.2d 531, 534 (1997) ("The admissibility of evidence is a matter within the sound discretion of the trial court and will be reversed only where there is a clear abuse of discretion.").

¶ 16 Appellant's final contention is that his trial counsel rendered ineffective assistance. Specifically, Attorney Sheldon raises his own ineffectiveness at trial. This claim was not raised in Appellant's 1925(b) statement as is required by *Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d

---

8. *Majorana,* unlike the case at hand, involved a complete denial of the act in question, not an argument over whether it was consensual. In that case, Majorana was charged with criminal conspiracy to commit rape for allegedly driving a car while Richard Nickol raped the victim inside it. *Majorana,* 503 Pa. at 605, 470 A.2d at 81–82. Majorana denied that the rape had occurred, and sought to introduce evidence that the victim had instead engaged in consensual sex with Nickol several hours earlier. *Id.,* 503 Pa. at 611, 470 A.2d at 84.

306 (1998). When confronted with allegations not found in a 1925(b) statement, we ordinarily find them waived under *Lord,* which held that "[a]ny issues not raised in a 1925(b) statement will be deemed waived." *Lord,* 553 Pa. at 420, 719 A.2d at 309.

¶ 17 While acknowledging the validity of this general rule, the Pennsylvania Supreme Court in *Commonwealth v. Johnson,* 565 Pa. 51, 771 A.2d 751 (2001) (plurality decision by Newman, J.) explained that:

> *Lord* does not call for the appellate courts of this Commonwealth to ignore the long line of cases that dictate how appellate courts are to address the merits of an issue that has been waived where such waiver is due to the alleged ineffective assistance of appellate counsel. These types of claims historically are reviewable by the Superior Court, notwithstanding their absence from the 1925(b) Statement of Matters Complained of on Appeal.

*Johnson,* 565 Pa. at 60, 771 A.2d at 756.[9] *Johnson* is not implicated here, however, since Appellant makes no claim that Attorney Sheldon was ineffective in his appellate capacity for omitting the trial ineffectiveness claims from the 1925(b) statement. All we have before us is the allegation that Appellant received ineffective assistance at trial, which he failed to properly preserve with a *Johnson* argument.[10] As such, we find the issue waived under *Lord.*

9. Although it is a plurality decision, Justice Newman's opinion in *Johnson* has been followed by this Court. *Commonwealth v. Mackert,* 781 A.2d 178, 182–183 (Pa.Super.2001).

10. Because Appellant's claim has not been properly preserved, but is instead waived under *Lord,* we conclude that *Commonwealth v. Grant,* 572 Pa. 48, 813 A.2d 726 (2002) does *not* apply. In *Grant,* the Pennsylvania Supreme Court set forth a new general rule that

¶ 18 For the foregoing reasons, we affirm the judgment of sentence.

¶ 19 Affirmed.

"a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review." *Grant,* 813 A.2d at 738. The *Grant* decision further indicated, however that "the new rule we announce today will apply to the instant case as well as those cases currently pending on direct appeal **where the issues of** ineffectiveness **have been properly raised and preserved."** *Id.* 813 at 738–739 (emphasis added).