J-S20027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| GERALD WILSON POPE, | |
| Appellant | No. 1486 WDA 2014 |

Appeal from the Judgment of Sentence Entered August 7, 2014
In the Court of Common Pleas of McKean County
Criminal Division at No(s): CP-42-CR-0000531-2013

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, and WECHT, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED June 1, 2015**

Appellant, Gerald Wilson Pope, appeals from the judgment of sentence entered following his convictions for unlawful contact with a minor and corruption of minors.  We affirm.

A review of the record reflects the following.  K.H., who was born in December 1999, lived with her biological mother and her mother's boyfriend, Appellant, from the time she was three years old until she turned thirteen. N.T., 3/24/14, at 23.  In January 2013, K.H. began dating B.V.  *Id.* at 23-24.  Appellant did not approve of the relationship.  *Id.* at 26.

K.H. eventually confided in a friend that Appellant told K.H. that she would have to perform various sexual acts for Appellant in order to obtain permission to see her boyfriend.  N.T., 3/24/14, at 24-25, 26, 41.  At trial, K.H. testified that Appellant advised her of the following options if she

wanted to see her boyfriend or friends, and the time that would accordingly be allotted: "He said one [hand job] would be for two hours, two would be four and a blow job would be the whole day." *Id.* at 26. K.H. testified that she gave Appellant a "hand job" in January 2013, in order to see her boyfriend. *Id.* at 29. She testified that this occurred after school and that she and Appellant were the only two people at home at the time. *Id.* at 29-30. She also testified that after performing this act, she was permitted to see her boyfriend, but that after two hours with her boyfriend elapsed, Appellant proceeded to the boyfriend's house and, standing outside, texted K.H., advising her that it was time to leave. *Id.* at 35-36.

K.H. further testified that she subsequently gave Appellant "hand jobs" on multiple occasions in order to see her boyfriend. N.T., 3/24/14, at 37. K.H. stated that no one else was in the home during these occasions that occurred after school. *Id.* at 37. K.H. also testified that on one occasion, Appellant "tried sticking [his penis] up my butt." *Id.* at 37.

K.H. testified that the first person she told about these incidents, approximately six months after they began, was her friend, E.K. N.T., 3/24/14, at 41. Although K.H. did not tell her father about these incidents, he indirectly found out after E.K. confided in another friend. *Id.* at 41-42. Upon learning of these assertions, K.H.'s father took her to the police station in order to report the incidents. *Id.* at 41-42.

Appellant was charged with one count of criminal attempt of involuntary deviate sexual intercourse; one count of aggravated assault; one

count of indecent assault; one count of unlawful contact with a minor and one count of corruption of minors. Amended Information, 3/21/14, at 1-2. Following a jury trial, Appellant was convicted of unlawful contact with a minor and corruption of minors. He was found not guilty of the other charges.

Appellant was sentenced on August 7, 2014, to a period of incarceration of 62-124 months. He timely appealed on September 2, 2014. Appellant was directed to file a Pa.R.A.P. 1925(b) statement and filed his initial concise statement of errors complained of on appeal. The trial court, however, issued a subsequent order directing Appellant to file a second, more detailed concise statement due to the vagueness of the initial statement. As a result, Appellant filed a second concise statement on October 20, 2014. The trial court prepared a Pa.R.A.P. 1925(a) opinion.

Appellant presents the following issues for our review:

Did the trial court err in refusing to allow into evidence the sexual activity of the complainant at the trial?

Did the trial court err by allowing Defendant should he take the stand in his own defense to be cross examined as to a conviction in crimen falsi more than ten years old?

Appellant's Brief at 5 (verbatim).

In his first claim, Appellant argues that the trial court erred in denying his motion *in limine* seeking permission to examine K.H. at trial on her sexual experience with her boyfriend or others. Appellant's Brief at 11. In

evaluating the denial or grant of a motion *in limine*, our standard of review is well-settled:

> When ruling on a trial court's decision to grant or deny a motion *in limine*, we apply an evidentiary abuse of discretion standard of review. The admission of evidence is committed to the sound discretion of the trial court, and a trial court's ruling regarding the admission of evidence will not be disturbed on appeal unless that ruling reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous.

*Commonwealth v. Moser*, 999 A.2d 602, 605 (Pa. Super. 2010).

In support of his claim, Appellant maintains that "[t]he fund of knowledge of the Complainant was far in excess of a child who was 13 years of age." Appellant's Brief at 11. Appellant contends that he sought to question K.H. about her sexual activities with others to establish that K.H. was "well versed in the use of sexual terms and how to effectuate them." *Id.* at 16. Appellant asserts that this testimony was "probative on the question of whether the Complainant was manufacturing (fabricating) her testimony as against [Appellant] because he was limiting her activities with her boyfriend." *Id.*

The purpose of the Rape Shield Law is to "prevent a trial from shifting its focus from the culpability of the accused toward the virtue and chastity of the victim ... [and] to exclude irrelevant and abusive inquiries regarding prior sexual conduct of sexual assault complainants." *Commonwealth v. Burns*, 988 A.2d 684, 689 (Pa. Super. 2009). The rape shield statute provides as follows:

**§ 3104. Evidence of victim's sexual conduct**

**(a) General rule.**-- Evidence of specific instances of the alleged victim's past sexual conduct, opinion evidence of the alleged victim's past sexual conduct, and reputation evidence of the alleged victim's past sexual conduct shall not be admissible in prosecutions under this chapter except evidence of the alleged victim's past sexual conduct with the defendant where consent of the alleged victim is at issue and such evidence is otherwise admissible pursuant to the rules of evidence.

**(b) Evidentiary proceedings.**-- A defendant who proposes to offer evidence of the alleged victim's past sexual conduct pursuant to subsection (a) shall file a written motion and offer of proof at the time of trial. If, at the time of trial, the court determines that the motion and offer of proof are sufficient on their faces, the court shall order an in camera hearing and shall make findings on the record as to the relevance and admissibility of the proposed evidence pursuant to the standards set forth in subsection (a).

18 Pa.C.S. § 3104.

In addition to the specific exception related to the consent of the victim contained in the statute itself, our courts have found additional exceptions:

> Our Supreme Court has held the law does not prohibit relevant evidence that "directly negates the act of intercourse with which a defendant is charged." **Commonwealth v. Majorana**, 503 Pa. 602, 611, 470 A.2d 80, 84 (1983); **see also Commonwealth v. Widmer**, 446 Pa.Super. 408, 410, 667 A.2d 215, 216 (1995). The Rape Shield Law may not be used to exclude relevant evidence showing a witness' bias or attacking credibility. **Commonwealth v. Black**, 337 Pa.Super. 548, 557, 487 A.2d 396, 401 (1985). Also, "evidence tending to directly exculpate the accused by showing that the alleged victim is biased and thus has a motive to lie, fabricate, or seek retribution is admissible at trial." [**Commonwealth v. Guy**, 454 Pa.Super. 582, 588, 686 A.2d 397, 400 (1996)].

**Commonwealth v. Beltz**, 829 A.2d 680, 684 (Pa. Super. 2003).

As noted, Appellant has argued that evidence of K.H.'s prior sexual activity is relevant and necessary to establish that she was fabricating the claims against Appellant. We disagree.

The trial court provided the following apt analysis:

In the current case the defense fully developed the assertion that the victim was motivated by a desire to retaliate against [Appellant] for his efforts to limit her contact with her boyfriend. For example, during cross examination of the victim the following exchange occurred between [Defense counsel] and the victim:

> Q: Now, you started dating [B.V.] in January correct?
>
> A: Yes.
>
> Q: And you testified that [Appellant] didn't like it did he?
>
> A: Yes.
>
> Q: Okay. And [did your mom] like it?
>
> A: No.

March 24, 2014, Tr. Pages 46-47. In addition[,] defense counsel presented the following testimony from [S.H.], the victim's mother:

> Q: And at some point and time did you and [Appellant] put an end to seeing [B.V.] (victim's boyfriend)?
>
> A: Yes, yes we did.
>
> Q: Okay. Why did you do that?
>
> A: Because [K.H.] was conflicting (inflicting) harm on herself.

Q:     Okay.  Ah – were her behaviors different?

A:     Yes, they were.

Q:     Okay.  Did her behaviors begin to escalate?

A:     Yes.

Q:     Did you and [Appellant] have to put down restrictions on her?

A:     Yes.

Q:     Did [K.H.] like these restrictions?

A:     No, no.

Q:     Was one of the restrictions taking away her phone?

A:     Yes.

Q:     [Okay.]  Did she like that?

A:     No.

March 24, 2014, Tr. Pages 124-125.

The assertion that the victim was retaliating against [Appellant] due to limitations on her contact with her boyfriend and her overall freedom was also developed through the testimony of defense[']s [witness T.T.]

* * *

The victim freely admitted that, at the time, she believed she "loved" her then boyfriend and was upset that she was restricted from seeing him.   March 24, 2014, Tr. Page 51. Therefore, [Appellant] was not prejudiced by the exclusion of testimony about the victim's alleged sexual activity because he was permitted to fully present his theory of victim retaliation. The victim's alleged sexual activity would add little to this theory.  The addition of the possibility of sexual activity between

the victim and her boyfriend would have created an unnecessary side trial into whether that assertion was even accurate.

Trial Court Opinion, 11/25/14, at 9-11 (unnumbered pages).

The trial court's conclusion is supported by the evidence of record. As set forth above, Appellant was able to fully develop his theory of K.H.'s fabrication of charges in retaliation for limitations placed on her access to her boyfriend and friends without evidence of K.H.'s prior sexual activity. Because testimony regarding K.H.'s prior sexual activity was not necessary to establish Appellant's theory of fabrication of allegations against Appellant, the trial court properly denied Appellant's motion *in limine* seeking to admit such evidence. Indeed, admission of such testimony would have violated the protective purpose and intent of the rape shield statute. Thus, Appellant's claim lacks merit.

In his second claim, Appellant asserts that the trial court erred in ruling that, should Appellant choose to testify, the Commonwealth could present evidence of *crimen falsi* more than ten years old. Appellant's Brief at 18. Appellant argues that his burglary conviction in 1992 is unrelated to "any sexual offense and the introduction is simply for the purpose of indicating to the trier of fact that [Appellant] was inclined to violate the laws of the Commonwealth." *Id.* at 18. Appellant contends that the prejudicial effect of this evidence far outweighed the probative value of the prior conviction. *Id.* at 19. Appellant asserts that when faced with this choice, he

chose not to take the stand and testify on his own behalf, thereby leaving the testimony of the Complainant completely unchallenged. *Id.*

Before addressing the merits of Appellant's claim, we must determine whether it is preserved for appellate review. As noted, Appellant was directed by the trial court to file a Pa.R.A.P. 1925(b) statement. After determining that Appellant's first statement was vague and not concise, the trial court ordered Appellant to file a second Pa.R.A.P. 1925(b) statement. Order, 10/1/14, at 1. Appellant timely complied and filed a second Pa.R.A.P. 1925(b) statement on October 20, 2014. A review of both statements, however, reveals that Appellant failed to identify this issue in either statement. Concise Statement of the Errors Complained of, 10/20/14, at 1-2.

Issues not included in a Rule 1925(b) statement are deemed waived. Pa.R.A.P. 1925(b)(4)(vii). Our Supreme Court has stated the following regarding preservation of issues in a Pa.R.A.P. 1925(b) statement:

> Our jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements; Rule 1925 violations may be raised by the appellate court *sua sponte*, and the Rule applies notwithstanding an appellee's request not to enforce it; and, if Rule 1925 is not clear as to what is required of an appellant, on-the-record actions taken by the appellant aimed at compliance may satisfy the Rule. We yet again repeat

the principle first stated in [***Commonwealth v.***] ***Lord***[, 719 A.2d 306 (Pa. 1998)] that must be applied here: "[I]n order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived."

***Commonwealth v. Hill***, 16 A.3d 484, 494 (Pa. 2011) (internal footnote and some citations omitted). "[W]aiver under Rule 1925 is automatic." ***Commonwealth v. Butler***, 812 A.2d 631, 633 (Pa. 2002). Accordingly, because Appellant failed to preserve this issue in his Pa.R.A.P. 1925(b) statement, it is waived.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/1/2015