J-S28022-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                    :                  PENNSYLVANIA
                                                    :

                   v.                               :

ANDRE LEMMON SR                     :
                                                    :

            Appellant                :     No. 2803 EDA 2019

Appeal from the Judgment of Sentence Entered April 29, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000517-2018

BEFORE:   BOWES, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY DUBOW, J.:             **FILED JANUARY 25, 2022**

Appellant, Andre Lemmon Sr., appeals from the Judgment of Sentence entered on April 29, 2019, in the Court of Common Pleas of Philadelphia County after a jury convicted him of multiple counts of sex crimes committed against his minor daughter. Appellant challenges, *inter alia*, the sufficiency of the Commonwealth's evidence to convict him of Involuntary Deviate Sexual Intercourse ("IDSI") with a Child. After careful review, we affirm.

For approximately five years, Appellant perpetrated repeated acts of sexual abuse against N.L., his minor daughter, and A.J., his minor stepdaughter. This appeal involves Appellant's abuse of N.L.[1] As a result of

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The Commonwealth's case against Appellant for his abuse of N.L. is docketed at CP-51-CR-000517-2018. The Commonwealth's case against Appellant for
*(Footnote Continued Next Page)*

the abuse, the Commonwealth charged Appellant with Rape by Forcible Compulsion, Rape of a Child, IDSI by Forcible Compulsion, IDSI with a Child, Aggravated Indecent Assault of a Child, Unlawful Contact with a Minor, Endangering the Welfare of Children, and Incest.[2]

Relevant to the instant case, on the morning of the first day of trial, Appellant made an oral motion to pierce the Rape Shield Law, seeking to present testimonial evidence about an incident that occurred in August 2017, where Appellant "smacked" N.L. for sending sexually explicit text messages and threatened that she would suffer "severe repercussions" if anything similar happened again. N.T. Trial, 2/21/19, at 6-8. After argument, the court denied the motion.

Appellant's jury trial began on February 21, 2019. The Commonwealth presented the testimony of N.L., A.J., Appellant's minor son A.L., the victims' mother Sheron Jones, Special Victims Unit Detectives Pete Marcellino and Patricia Eberhart, Philadelphia Children's Alliance forensic interviewer Carolina Castano, and child abuse pediatrician Dr. Marita Lind. Defendant testified in his defense. The Commonwealth presented evidence to show that Appellant

_____

abuse of A.J. is docketed at CP-51-CR-000499-2018. The trial court consolidated these cases for trial. In this Court, Appellant filed separate appeals of each case, each with its own briefs and distinct arguments. We address these appeals separately. Appellant's appeal of the case involving A.J. is docketed in the Superior Court at 2753 EDA 2019.

[2] 18 Pa.C.S. §§ 3121(a)(1), 3121(c), 3123(a)(1), 3123(b), 3125(b), 6318(a)(1), 4304(a)(1), and 4302(a), respectively.

began abusing N.L. in 2012 or 2013, when N.L. was nine years old. Appellant performed oral and vaginal sex on N.L., and digitally penetrated her vagina.

On February 25, 2019, a jury convicted Appellant of the above crimes. On April 29, 2019, the court sentenced Appellant to an aggregate term of 9½ to 19 years' incarceration.[3] Appellant timely filed a post-sentence motion, which the court denied.

Appellant timely filed a Notice of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. Did the trial court err when it denied [Appellant]'s Motion to Pierce the Rape Shield [Law]?

2. Did the trial court err by overruling [Appellant]'s objection to the Commonwealth's statement, in closing argument, that there was no evidence of physical abuse?

3. Was the evidence insufficient to prove [Appellant] guilty of [IDSI] with a Child where the Commonwealth failed to prove that N.L. was less than 13 years of age at the time of the deviate sexual intercourse?

Appellant's Br. at 4 (reordered for ease of analysis).

_____

[3] Additionally, at docket number 499-2018, the court sentenced Appellant to serve a term of 20 to 40 years' incarceration for crimes committed against A.J., to be served consecutively to the sentence imposed in the instant case. Appellant's total aggregate sentence is, therefore, 29½ to 59 years' incarceration.

In his first issue, Appellant challenges the trial court's decision to deny his motion to pierce the Rape Shield Law, made on the eve of trial.[4] Appellant's Br. at 11. Critically, Appellant made this motion orally, and did not file a written motion with a proffer of the evidence that Appellant wanted to introduce about N.L.'s prior sexual conduct in August 2017. Appellant has waived this issue.

The Rape Shield Law commands that a defendant, seeking to introduce evidence of a complainant's past sexual conduct, "**shall** file a **written** motion and offer of proof at the time of trial." 18 Pa.C.S. § 3104(b) (emphasis added). This Court has ruled that the defendant's filing of a written motion is mandatory. *Commonwealth v. Burns*, 988 A.2d 684, 690-91 (Pa. Super. 2009) (*en banc*) (citations omitted). Failure to file a written motion waives our review on appeal. *See id. See also Commonwealth v. Beltz*, 829 A.2d 680, 684 (Pa. Super. 2003) (concluding that failure to make written motion bars review of trial court decision to exclude); *Commonwealth v. Lampe*, 1205 EDA 2019, 2020 WL 6196134 at *7 (Pa. Super. 2020) ("Because [Appellant] did not file a written motion pursuant to section 3104, but only made an oral objection, we cannot review this claim."); *Commonwealth v. Jones* 551

_____

[4] We review such decisions for an abuse of discretion. *Commonwealth v. K.S.F.*, 102 A.3d 480, 483 (Pa. Super. 2014).

We note that the trial court granted an unrelated, written motion by Appellant seeking to pierce the Rape Shield Law with evidence of N.L.'s conduct on the date that she disclosed Appellant's sex abuse. *See* N.T. Trial, 2/21/19, at 11. This decision is not at issue.

MDA 2018, 2019 WL 1752987 at *4 (Pa. Super. 2019) (failure to file a "written motion or offer of proof [] prior to trial . . . was fatal to Appellant's claim and bars our review of the trial court's decision").

Appellant's oral motion on the eve of trial does not comply with the Rape Shield Law and precludes our review. As a result, this issue is waived.

In his second issue, Appellant claims that the trial court erred by overruling his objection to a statement the Commonwealth made to the jury during closing argument, that Appellant did not physically abuse N.L. Appellant's Br. at 12-13. Appellant argues that the jury did not hear testimony about whether Appellant had physically abused N.L. *Id.* In fact, Appellant attempted to introduce into evidence that he "smacked" N.L. in August 2017, but the trial court precluded Appellant from introducing this evidence. *Id.* Appellant concludes that the Commonwealth's statement misled the jury. *Id.* at 13. Appellant, however, has waived this issue.

Our Rules of Appellate Procedure unequivocally require that an appellant support each question he or she raises with discussion and analysis of pertinent authority. *See Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009). *See also* Pa.R.A.P. 2111 and 2119 (listing argument requirements for appellate briefs). "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." *Johnson*, *supra* at 924. *See* Pa.R.A.P. 2101 (explaining that substantial briefing defects may result in dismissal of appeal).

Here, Appellant has failed to cite any legal authority and develop his argument by applying relevant legal principles. Instead, he baldly concludes that the court erred by overruling his objection, without identifying any legal basis to compel a different result. By failing to cite and apply legal authority, Appellant has given us no framework within which to review and evaluate his claim. As a result, he has waived this issue.

In his third issue, Appellant challenges the sufficiency of the evidence to convict him of IDSI With a Child, arguing that the Commonwealth failed to establish that N.L. was younger than 13 years old when he engaged in deviate sexual intercourse with her. Appellant's Br. at 11.

Our standard of review applicable to challenges to the sufficiency of evidence is well settled: "Viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, and taking all reasonable inferences in favor of the Commonwealth, the reviewing court must determine whether the evidence supports the fact-finder's determination of all of the elements of the crime beyond a reasonable doubt." *Commonwealth v. Hall*, 830 A.2d 537, 541-42 (Pa. 2003). Circumstantial evidence is sufficient to sustain a conviction, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence. *Commonwealth v. Melvin*, 103 A.3d 1, 39-40 (Pa. Super. 2014). In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for that of the fact-finder. *Id.*

Finally, although a conviction must be based on "more than mere suspicion or conjecture, the Commonwealth need not establish guilt to a mathematical certainty." *Commonwealth v. Brunson*, 938 A.2d 1057, 1058 (Pa. Super. 2007) (citation omitted). "[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." *Commonwealth v. Orr*, 38 A.3d 868, 872 (Pa. Super. 2011) (citations omitted). "Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Id.* (citations and emphasis omitted).

A person commits IDSI with a Child "when the person engages in deviate sexual intercourse with a complainant who is less than 13 years of age." 18 Pa.C.S. § 3123(b). "Deviate sexual intercourse" includes oral or anal intercourse. *Id.* at § 3101.

The trial court found the Commonwealth's evidence sufficient to prove that N.L. was younger than 13 years old when Appellant engaged in deviate sexual intercourse with her. Trial Ct. Op., at 12-13. In support, it referenced testimony by N.L. that Appellant performed oral sex on her when Appellant lived in West Philadelphia. *Id.* at 12. Other testimony established that Appellant lived in West Philadelphia sometime between November 2014 and November 2016. *Id.* at 13. The court recognized that N.L. was born in June 2003 and, therefore, turned 13 years old in June 2016. *Id.* The court reasoned that the jury "could infer[] that N.L. w[as] eleven or twelve years old [when

Appellant performed oral sex on her and, t]hus, the evidence—construed in the light most favorable to the verdict winner—is sufficient to prove IDSI with a child." *Id.*

After careful review, we conclude that the record supports the trial court's finding. *See* N.T. Trial, 2/21/19, at 58, 71-72, 80, 103, 122-23. Although the evidence does not preclude the possibility that Appellant subjected N.L. to oral sex after June 2016, when N.L. was 13 years old, this possibility is not grounds for reversal. It is the jury's sole province as fact-finder to resolve doubts regarding a defendant's guilt. It is not our role to reweigh this evidence and decide that Appellant engaged in deviate sexual intercourse with N.L. between June 2016 and November 2016. Based on our review of the record, we conclude that the evidence is not "so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Orr*, 38 A.3d at 872. As a result, we will not disturb the jury's verdict.

In summary, we conclude that Appellant waived his first two issues and the Commonwealth's evidence was sufficient to support the jury's verdict that Appellant committed IDSI with a Child.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/25/2022